IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SMART ALABAMA, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 2:18cv141-MHT |
| | ) | (WO) |
| SOMPO JAPAN INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION AND ORDER

The allegations of the complaint in this case are insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. Am. Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332; *see also* 2 James Wm. Moore, et al., Moore's Federal

Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The complaint here is insufficient because it does not properly indicate the citizenship of a party that is a 'limited liability company': plaintiff Smart Alabama, LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint must therefore allege "the citizenships of all the members of the limited liability company." *Id.* (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

In addition, the complaint is insufficient because it does not properly indicate the citizenship of defendant Sompo Japan Insurance Company of America. If the entity is a corporation, then the complaint must allege the citizenship of both the State of

incorporation *and* where the corporation has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Bel-Bel Intern. Corp. v. Cmty Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998). If the entity is a partnership, the complaint must indicate the citizenship of the individual partners, both general and limited. *See Carden v. Arkoma Assoc.*, 494 U.S. 185 (1990). If the entity is an unincorporated association, the complaint must indicate the citizenship of each and every one of its members. *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010). If the entity is a limited liability company, the complaint must allege, as stated, "[t]he citizenships of all members of the limited liability company." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity

based on the nature of that entity.)

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until April 3, 2018, to amend the complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 14th day of March, 2018.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**