IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| SMART ALABAMA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:18cv141-MHT |
| | ) | (WO) |
| SOMPO JAPAN INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This court previously granted plaintiff leave to file an amended complaint to establish diversity jurisdiction. However, the allegations of the amended complaint are still insufficient to invoke this court's original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).

To invoke original jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. *See McGovern v. Am. Airlines, Inc.*, 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the

citizenship of each plaintiff is different from that of each defendant.  *See* 28 U.S.C. § 1332; *see also* 2 James Wm. Moore, et al., Moore's Federal Practice § 8.03[5][b] at 8-16 (3d ed. 2006).

The complaint here is insufficient because it does not properly indicate the citizenship of each of the members of plaintiff Smart Alabama, LLC.  "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  The complaint must therefore allege "the citizenships of all the members of the limited liability company."  *Id.*

Plaintiff alleges that two of the members are "residents" of Alabama.  However, "[r]esidence alone is not enough.... Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.... And domicile requires both residence in a state and an intention to

remain there indefinitely...." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (internal quotation marks and citations omitted). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

*This is the second time the court has given plaintiff leave to amend, with specific and detailed instructions as to what to do. Counsel for plaintiff are clearly not reading the court's orders carefully and are not making sure that what is required by the law is being done. This cannot continue.*

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until May 17, 2018, to amend the complaint to allege jurisdiction

3

sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 10th day of May, 2018.

                                         /s/ Myron H. Thompson
                                        UNITED STATES DISTRICT JUDGE